UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                              Case No. 22-CR-160

DAJUAN T. HOOVER,

          Defendant.

## ORDER

The court released Dajuan T. Hoover on bond September 20, 2022. (ECF Nos. 3, 4.) On September 27, 2022, Pretrial Services presented the court with a petition for an arrest warrant where the Pretrial Services Officer stated, "On Friday, 9/23/22, Mr. Hoover was arrested by the Milwaukee Police Department, due to his suspected involvement in an Armed Robbery. According to the police report, Mr. Hoover is alleged to have struck the victim in the left side of the face with a pistol, and discharged a firearm during the theft of a vehicle."

The court issued a warrant for Hoover's arrest, and he appeared before the court on September 29, 2022. At the hearing, Hoover raised two procedural objections. First, Hoover argued that the government was required to file a written motion before the

court could proceed with a hearing to revoke his conditions of release. Second, he argued that the government was not permitted to proceed by proffer but rather was required to present witnesses under oath to establish that there is probable cause to believe that Hoover committed a crime while on pretrial release. In the interim, Hoover was required to be released.

As to the first objection, 18 U.S.C. § 3148(b) states that "[t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court."

> While some cases have held that the government must initiate a § 3148 proceeding, *see, e.g., United States v. Herrera*, 29 F. Supp. 2d 756 (N.D. Tex. 1998), the weight of authority rejects that position and finds that revocation can be initiated by the court when pretrial services informs the court of an alleged violation. *See, e.g., United States v. Pargellis*, No. 3:19-cr-00272-3, 2020 U.S. Dist. LEXIS 173247, 2020 WL 5581361, at *1 (M.D. Tenn. Sept. 17, 2020) (noting that *Herrera* "is nonbinding and the cases following its narrow interpretation of § 3148 'have gained little traction and have been largely overlooked'") (quoting *United States v. Blechman*, 782 F. Supp. 2d 1238, 1256 n.6 (D. Kan. 2011)).

*United States v. Boone*, No. 7:21-cr-00022, 2021 U.S. Dist. LEXIS 142839, at *3 (W.D. Va. July 29, 2021). Given the permissive phrasing of 18 U.S.C. § 3148(b) and the court's inherent authority to enforce its own orders in the form of conditions of release, the court concludes that it may also initiate revocation proceedings, as was done here, following a report from Pretrial Services.

As to Hoover's second objection, the court agrees with the Court of Appeals for the Second Circuit and concludes that "proffers are permissible both in the bail

determination and bail revocation contexts." *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000). The court always retains the discretion to require testimony, and the defendant may testify or present his own witnesses. 18 U.S.C. § 3142(f). This procedure is consistent with the statute and due process. *Cf. United States v. Salerno*, 481 U.S. 739, 743 (1987) (noting, without comment, that the government presented its case by proffer).

The court continued the bond revocation hearing until September 30, 2022, solely to permit the government to present a witness who would recount what the government has already proffered. Having now concluded that this procedure is unnecessary and that the government's proffer sufficient to sustain the request for revocation, tomorrow's hearing is **cancelled**.

The government having established that there is probable cause to believe that Hoover committed a felony offense while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). Based on the factors set forth in 18 U.S.C. § 3142(g), the court finds that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A). Accordingly, Hoover's release is revoked and he is detained pending

trial.

       **SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of September, 2022.

                                      _____
                                      WILLIAM E. DUFFIN
                                      U.S. Magistrate Judge